IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 3:22-cr-00183 |
| v. | ) |
| | ) Judge Trauger |
| SCOTT MICHAEL NELSON | ) |

**UNITED STATES' MOTION TO RECONSIDER GOVERNMENT'S MOTION IN LIMINE NO. 2 AND NOTICE OF INTENT TO ADMIT EVIDENCE OF DEFENDANT'S PRIOR CHILD EXPLOITATION CONVICTION PURSUANT TO FEDERAL RULES OF EVIDENCE 414(a) AND 404(b)**

COMES NOW the United States of America, by and through Thomas J. Jaworski, Acting United States Attorney, and the undersigned Assistant United States Attorneys, Monica R. Morrison and Kathryn D. Risinger, and files this Motion to Reconsider Government's Motion *in Limine* No. 2 and Notice of Intent to Admit Evidence of Defendant's Prior Child Exploitation Conviction Pursuant to Federal Rules of Evidence 414(a) and 404(b). (D.E. 90.)

## PROCEDURAL BACKGROUND

1. On or about November 4, 2024, the Government filed its Motion *in Limine* No. 2 and Notice of Intent to Admit Evidence of Defendant's Prior Child Exploitation Conviction Pursuant to Federal Rules of Evidence 414(a) and 404(b). (D.E. 90.)

2. On or about November 8, 2024, Defendant filed his response opposing the Government's Motion *in Limine* No. 2, arguing that Federal Rule of Evidence 414 only applied to prior convictions in which the victim was under the age of 14. (D.E. 95.)

3. On or about November 12, 2024, the Court denied the Government's Motion *in Limine* No. 2 under Federal Rule of Evidence 414, stating that "[b]ecause the government has not established that the prior bad acts involved 'molestation' of a person under age 14, the

government's motion to introduce the evidence of the prior convictions under Rule 414(a) will be denied." (D.E. 348, PageID #347-348.)

## LEGAL ANALYSIS

The Government respectfully requests that the Court reconsider its denial of the Government's motion because, despite Defendant's assertion otherwise, courts have repeatedly found that Federal Rule of Evidence 414(a) & (d)(2)(B) is not limited by the 14-year-old age restriction set forth in the definition of "child" under subsection (d)(1).

Federal Rule of Evidence 414 provides, in pertinent part:

> In a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant.

The term "child molestation" is defined as a crime under federal or state law involving (A) any conduct prohibited by Chapter 109A under Title 18 and committed with a child; (B) *any conduct prohibited by Chapter 110 under Title 18*; (C) contact between any part of the defendant's body – or an object – an a child's genitals or anus; (D) contact between the defendant's genitals or anus and any part of the child's body; (E) deriving sexual pleasure or gratification from inflicting death, bodily injury or physical pain on a child; or (F) an attempt or conspiracy to engage in conduct as described (A-E). FED. R. EVID. 414(d)(2) (emphasis added).

While the word "child" is defined as a person under 14 (see Fed. R. Evid. R 414(d)(1)), the term "child molestation" includes conduct that involves children over age 14. Specifically, it includes conduct "prohibited by 18 U.S.C., chapter 110" and "attempt or conspiracy to engage in conduct described in subparagraphs (A)-(E)." *Id.* at (d)(2)(B), (F). There is nothing limiting the age of the minor in these subsections and conduct under Chapter 110 of Title 18 includes federal

child pornography offenses such as 18 U.S.C. §2251 and §2252 that involve children under the age of 18, but over age 14. *See* 18 U.S.C. § 2256(1) ("[M]inor means any person under the age of eighteen years.").

Indeed, courts have repeatedly rejected the argument that the 14-year age requirement be read into subsection (d)(2) of Rule 414. *United States v. Manning*, 106 F.4th 796, 800 (8th Cir. 2024) ("Rule 414's definition of 'child' is not relevant to whether [the defendant's] prior 'child molestation' conviction involves 'any conduct prohibited by . . . Chapter 110.'"); *United States v. Hoover*, 95 F.4th 763, 772 (4th Cir. 2024) ("Rule 414 does separately define 'child' as 'a person below the age of 14.' But [the defendant] errs in maintaining that this restriction applies to the definition of 'child molestation' in Rule 414(d)(2)(B), which defines 'child molestation' simply to include '*any* conduct prohibited by 18 U.S.C. chapter 110.' As our sister circuits have recognized, the definition of 'child' in Rule 414(d)(1) does not limit the definition of 'child molestation' in Rule 414(d)(2)(B).") (citations omitted); *United States v. Foley*, 740 F.3d 1079, 1087 n.3 (7th Cir. 2014) ("Although Rule 414(d)(1) defines a "child" as a person below the age of 14, it defines "child molestation" to include "any conduct prohibited by 18 U.S.C. chapter 110" without regard to whether the chapter 110 offense was committed with a person below the age of 14. Thus, for purposes of whether [the defendant's] child pornography production offenses were also "child molestation" offenses under Rule 414, it does not matter whether Minor Male A was under the age of 14."); *United States v. Sturm*, 673 F.3d 1274, 1284 (10th Cir. 2012) (concluding that the argument raised by the defendant was a "gross misunderstanding of Rule 414(d)(2)" because "child molestation" in that subdivision is defined "independent of the [definition of the] term "child" in Rule 414(d)(1), and as such, the "relevant age of the children victims under this definition, then, is determined by reference to chapter 110 of title 18, which defines "minor" as

any person under the age of eighteen, precisely the same threshold as the Ohio statute"); *United States v. Egli*, 2024 WL 3293616, at *5 (D. Utah July 3, 2024) (finding the defendant's two prior federal convictions for possession of child pornography—conduct prohibited under 18 U.S.C. chapter 110—constituted evidence of the defendant's commission of another offense of child molestation under Federal Rule of Evidence 414).

Both of Defendant's 2009 convictions are for conduct proscribed under 18 U.S.C. Chapter 110, and therefore, are not subject to the age limitation of 14.[1] Further, Defendant's conviction in Case No. 07-CF-004141 in the Circuit Court in and for Hillsborough County, Florida is for Possession of Photos Depicting Sex with a Child, which is exactly the type of conduct with which Defendant is charged in this case. (*See* D.E. 90, Exhibit A, pp. 17-22.) Defendant's defense at trial will be "that he did not knowingly possess the child pornography that was on his phone." (*See* D.E. 95, PageID # 328.) As prior courts have stated, "'[t]he more seriously disputed the material fact, the more heavily this factor weights in favor of admissibility.'" *Egli*, 2024 WL 3293616, at *6 (quoting *Sturm*, 673 F.3d at 1286) (finding the probative value of the defendant's prior possession of child pornography convictions substantially outweighed any danger of unfair prejudice under Rules 403 and 414). At trial, the Government must prove that Defendant "knowingly possessed" material that contained an image of child pornography, and Defendant's prior convictions, which

---

[1] Even though the Defendant's 2009 convictions are not subject to the age limitation of 14, the police report associated with the Defendant's convictions indicates some of the child sexual abuse material the Defendant possessed depicted infants and preadolescent minors. *See* Exhibit A NELSON000752. Additionally, some of the titles associated with the child sexual abuse material, which included the title "_8withherdad+sound," "pedo_10 yr old hot pussy," "6yo underage sex kids," and "pedo-12 yo teen boy hard…and others" confirms some the material depicted individuals under the age of fourteen. *See* Exhibit A NELSON000751, NELSON000756.

are both admissible under Federal Rule of Evidence 414(d)(2)(B), provide evidence that directly relates to this element.[2]

Accordingly, this Court should reconsider its order denying the Government's Motion *in Limine* No. 2 and admit Defendant's prior 2009 convictions under Rule 404(b).

## CONCLUSION

For the foregoing reasons, this Court should reconsider its previous order denying the Government's Motion *in Limine* No. 2 (D.E. 98), grant the Government's Motion *in Limine* No. 2, and admit Defendant's prior 2009 convictions under Federal Rule of Evidence 414(a) & (d)(1)(B).

Respectfully submitted,

THOMAS J. JAWORSKI
Acting United States Attorney

By: /s/ Kathryn D. Risinger
KATHRYN D. RISINGER
MONICA R. MORRISON
Assistant United States Attorneys
719 Church Street, Suite 3300
Nashville, Tennessee 37203
Telephone: (615) 736-5151

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of November 2024, a copy of the foregoing document was filed electronically via CM/ECF which will send notification of this filing to counsel for defendant.

By: /s/ Kathryn D. Risinger
KATHRYN D. RISINGER
Assistant United States Attorney

---

[2] This is also why Defendant's prior 2009 convictions, especially the one for possession of photos depicting sex with a child, is admissible under Federal Rule of Evidence 404(b) to prove knowledge and intent.